## Hartzell Estate

*George H. Sacks*, for accountant.

COYNE, P. J., March 31, 1966.—The court has before it for audit the first and final account of the Second National Bank of Allentown, now The First National Bank of Allentown, guardian of the estate of Stella Hartzell, an incompetent.

Stella Hartzell was adjudicated an incompetent by decree of the Court of Common Pleas of Lehigh County, dated July 22, 1940, no. 33, September Term, 1940. The Second National Bank of Allentown, now The First National Bank of Allentown, was appointed guardian of her estate.

Stella Hartzell died intestate on March 24, 1965, and letters of administration on her estate were granted to Dorothea M. Sorrentino by the Register of Wills of Lehigh County on January 6, 1966.

The account discloses a cash balance in hand in the amount of $4,365.71, of which $4,194.65 is principal and $171.16 income.

When this account was called for audit, it appeared that there were two unpaid claimants, the Commonwealth of Pennsylvania, in the amount of $68.69 for maintenance of the incompetent at the Allentown State Hospital, and the County of Lehigh, in the amount of $10,980 for maintenance of the incompetent in the county home.

The statement of proposed distribution would award the aforementioned balance in hand to the administratrix of the deceased incompetent's estate.

The court proposes to confirm the account and to approve the statement of proposed distribution as presented without considering the claims of the Commonwealth and the county at this time. The unpaid claimants may present their claims to the administratrix. In arriving at these conclusions, the court has been called upon to consider the effect of Act No. 478, approved December 22, 1965, which supplements the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, reenacted and amended by the Act of July 11, 1957, P. L. 794, by adding thereto a new section, namely, section 616, 50 PS §3616, which provides as follows:

"Any person who at the audit of a guardian's account has a claim which arose out of the administration of the estate of an incompetent or arises out of the distribution of an incompetent's estate or upon an accounting of the guardian of the estate of an incompetent, whether the incompetent is still adjudicated incompetent or has been adjudicated competent, and which is not reported to the court as an admitted claim, and who shall fail to present his claim at the call for audit or confirmation, shall be forever barred, against: (1) any property of the incompetent distributed pursuant to such audit or confirmation; (2) the former incompetent, if adjudged competent; (3) except as otherewise provided in section 621 any property of the incompetent awarded back to a continuing or succeeding guardian pursuant to such audit or confirmation. Nothing in this section shall be construed as impairing any lien or charge on real or personal estate of the incompetent existing at the time of audit".

The court is of the opinion that section 616 has no application to the present situation. Section 616, in our

opinion, applies only to situations where an account has been filed during a continuing incompetency, or where an account has been filed following an adjudication of competency. It does not apply where the incompetent has died. This latter situation is controlled specifically by section 613 of the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, as amended, 50 PS §3613, which reads as follows:

"Upon the audit of the account of the guardian of a person who has died during incompetency, the auditing judge or auditor passing on the account shall not pass upon any claims against the estate of the incompetent other than necessary administration expenses, including compensation of the guardian and his attorney. All claims remaining unpaid at the incompetent's death shall be presented to the personal representative".

To hold otherwise would, in a situation such as the one before us, result in a substantial alteration of section 622 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.622, which sets forth the classification and order of payment of claims where the assets of a decedent's estate are insufficient to pay all proper charges and claims in full. Such a conclusion would result in the claims of the Commonwealth and the county receiving preferences to which they are not entitled under the provisions of section 622. In our opinion, the legislature intended no such result.

Notice of the filing of the account and audit thereof was given by certified mail to all of the parties in interest, as evidenced by the affidavit of service which has been filed with the court and to which affidavit are attached copies of the notices and the return receipt cards. There are no objections presently pending to the account or to the statement of proposed distribution as presented.

And now, March 31, 1966, the first and final account of The Second National Bank of Allentown, now

The First National Bank of Allentown, guardian of the estate of Stella Hartzell, an incompetent, is confirmed, and the statement of proposed distribution is approved. The accountant is, accordingly, directed to pay the balance in hand, to wit, cash in the sum of $4,365.81, to Dorothea M. Sorrentino, administratrix of the estate of Stella Hartzell, deceased. This decree shall become final unless exceptions thereto are filed within 15 days herefrom.